**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig, "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | |
| | * | **MDL No. 2179** |
| | * | |
| | * | **CIVIL ACTION NO. 2:10-MD-02179** |
| | * | **SECTION:  J** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **HONORABLE CARL BARBIER** |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| *All Actions* | * | |

## Objection and Motion to Amend Regarding Economic and Property Damage Settlement Agreement

I.     **Introduction.**

Potential members of the settlement class respectfully request that the Court modify the Economic and Property Damages Settlement Agreement ("Settlement Agreement") in the following respect: The Settlement Agreement should allow claimants to accept the full amount of their GCCF offers without waiving their right to receive compensation through the Settlement Agreement for Vessels of Opportunity ("VoO") standby time.

First, the Settlement Agreement established the Transition Process allowing claimants to accept 60% of pending GCCF without signing a release, and it further provided that claimants retain the right to accept the remaining 40% of the GCCF offer through the Settlement Program.  *See*, Settlement Agreement, § 4.2.3.1.  However, as proposed to the Court, the Settlement Agreement forces claimants to release all other claims to accept the 40% remainder, including VoO claims that GCCF expressly deemed unrelated to GCCF offers.  *Id.*  Because the GCCF did not include VoO damages in its calculation of final offers,

any claimant accepting the 40% remainder under Section 4.2.3.1 will never be compensated for their VoO claims.

Second, forcing claimants to choose between VoO compensation and acceptance of the 40% remainder is unjustified because GCCF claims have always been legally and factually distinct from VoO claims. Forcing claimants to make an unjustifiable choice between GCCF offers and VoO compensation is not consistent with a 'fair, reasonable, and adequate" settlement. Further, this clause arbitrarily treats similarly situated claimants disparately. A claimant who accepted the GCCF offer before the date of the Settlement Agreement is entitled to recover both the GCCF offer and the VoO settlement amount, while one who accepts the GCCF offer after that date is unfairly shortchanged. This defect in the Settlement Agreement can be cured with a modification of section 4.2.3.1 of the settlement agreement should be amended to allow claimants who accept the remaining 40% of their GCCF offers to receive compensation under the VoO Charter Payment program.

## II.   __Argument.__

The Settlement Agreement should allow claimants to accept the remainder of their GCCF offers while obtaining VoO compensation through the Settlement Program.

First, throughout its existence, GCCF consistently and steadfastly refused to address damages resulting from participation in the VoO program. *See* Exhibits B, C, D. According to GCCF, any claims related to the VoO program were beyond its mandate. *Id.* Thus, GCCF never included VoO compensation in its offers.

Second, as a consequence of the first point, GCCF explicitly informed claimants that they did not waive or release VoO claims by signing a final release to accept a GCCF offer. *See* Exhibit A. Since at least September 2011, BP has admitted, and the plaintiffs have relied

on the admission, that VoO claims are not covered by the GCCF release.  Id.  Claimants were allowed to sign final releases and still pursue their breach-of-contract claims through the courts.  After nearly a year of reliance by the parties, the Settlement Agreement now seeks to undo what has long been done.

Third, VoO standby claims have always been legally and factually distinct from the GCCF process.  VoO claims were based on breach of contract, and damages are claimed under the terms of the contract, not lost earning capacity from the *Deepwater Horizon* disaster.  Commercial fishing claims arise in tort and the Oil Pollution Act of 1990.  And the claims proceeded independently through this Court.

Finally, Section 4.2.3.1 unfairly disadvantages claimants who waited until after the Settlement Agreement to accept their GCCF offers.  Those who accepted GCCF offers prior to the Settlement Agreement are now justly able to obtain VoO compensation.  *See* § 2.2.6.  Yet the Settlement Agreement bars claimants who now accept their GCCF claims from obtaining any compensation for VoO standby time.  This divergent result is not "fair, reasonable and adequate."

The results of Section 4.2.3.1 can be stark.  As an example, Rudy Toler is a commercial shrimper and oysterman who signed a Master Vessel Charter Agreement (MVCA) less than a month after the oil spill and actively worked in the VoO program.  BP failed to decontaminate Mr. Toler's boat until October 12, 2010.  Yet despite the clear terms of the MVCA, BP ceased paying Mr. Toler on July 23 and has never compensated Mr. Toler for 82 days of unpaid time when Mr. Toler remained on standby and his boat was unusable for any other purpose.  In response to his GCCF claim filed in August 2011, Mr. Toler received a final offer of $103,609.65 for his OPA claim.  After accepting 60% of the offer,

Mr. Toler cannot now accept the remaining $45,173.81 without releasing his VoO claim worth $62,400 under the Settlement Agreement. Had Mr. Toler accepted the GCCF offer before the Settlement Agreement came into existence, he would be entitled to the full amount of his GCCF offer plus his $62,400 VoO claim under the Settlement Agreement. The timing of Mr. Toler's decision should not, in fairness, be a determining factor because it has nothing to do with the amount of damages he has suffered.

The Proposed Order remedies this defect by modifying Section 4.2.3.1 of the Settlement Agreement to allow claimants that elect to accept the remaining 40% of their GCCF offer to receive compensation under the VoO Charter Payment program.

**III.   Conclusion.**

We respectfully move the Court to approve the Proposed Order attached to this motion.

RESPECTFULLY SUBMITTED:

BY:   *s/Stephen S. Kreller*

THE KRELLER LAW FIRM
      Stephen Kreller (LA # 28440)
      757 St. Charles Avenue, Suite 301
      New Orleans, LA  70130
      Telephone:  504-484-3488
      Facsimile:  888-294-6091
      Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS LLP

      Gerard M. Nolting
      William L. Roberts
      Craig S. Coleman
      2200 Wells Fargo Center
      90 South Seventh Street
      Minneapolis, MN  55402

Telephone:  612-766-7000
Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

Duncan Lott
Casey L. Lott
100 South Main Street
Booneville, MS  38829
Telephone:  662-728-9733
Facsimile:  662-728-1992

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and forgoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31 day of August, 2012.

*/s/Stephen S. Kreller*